*Tucker v. Decker*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand seventeen.

PRESENT:
>  PIERRE N. LEVAL,
>  GUIDO CALABRESI,
>  SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

MARTHA TUCKER,

>  *Plaintiff-Appellant,*

>  v.                                                  No. 16-1018

LYLE DECKER,

>  *Defendant-Appellee.*

_____

FOR APPELLANT:                    PIETRO J. LYNN, Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, VT.

FOR APPELLEE:                     KATE T. GALLAGHER, Assistant Attorney General, Montpelier, VT.

Appeal from judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 23, 2016 judgment entered by the District Court is **AFFIRMED**.

Plaintiff Martha Tucker, a former school superintendent of the Caledonia Central Supervisory Union in Vermont, brought this action against defendant Lyle Decker, a Vermont State Trooper, alleging that his actions in connection with her prosecution for failure timely to report an allegation of child abuse violated her rights under the U.S. Constitution and Vermont state law. The charges against Tucker were ultimately dismissed. In her complaint, she alleged that she "suffered significant professional, reputational and other harm as a consequence of Decker's conduct." Joint Appendix at 12. Tucker appeals from the judgment entered pursuant to the District Court's orders (1) granting in part Decker's motion to dismiss Tucker's 42 U.S.C. § 1983 malicious prosecution and invasion of privacy claims and (2) granting Decker's motion for summary judgment as to the remaining § 1983 defamation claim and state law claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## I. Motion to Dismiss

We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Segarra v. Fed. Reserve Bank of N.Y.*, 802 F.3d 409, 411 (2d Cir. 2015) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The District Court dismissed Tucker's federal malicious prosecution claim, concluding that Decker was entitled to qualified immunity with respect to the claim. A law enforcement officer is entitled to qualified immunity in a suit for malicious prosecution if he

can establish that he had at least arguable probable cause to charge the plaintiff. "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (citation omitted). An officer has probable cause "when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be [charged] has committed or is committing a crime." *Id.* (citation omitted).

Tucker argues that, based on the knowledge attributed to Decker in the complaint's allegations, Decker did not have arguable probable cause to issue a citation to her for failure to comply with Vermont's mandatory reporter statute. During the period relevant to this action, the statute required a person who is a mandatory reporter to notify the state's Department for Children and Families within 24 hours if he or she has "reasonable cause to believe that any child has been abused or neglected." Vt. Stat. Ann. tit. 33, § 4913(a) (2013). Because the phrase "reasonable cause to believe" has not been authoritatively interpreted by the Vermont courts, reasonable officers confronted with the knowledge attributed to Decker in the complaint could disagree as to whether there was probable cause to issue a citation. Tucker pointed to the phrase as supporting her own determination not to report immediately the allegation at issue here, which had been presented to her as not credible; but Decker's interpretation was not unreasonable, either. Decker is therefore entitled to qualified immunity on this claim, and the claim was properly dismissed by the District Court.

The District Court also dismissed Tucker's federal invasion of privacy claim, concluding that because Tucker could not show that she had a reasonable expectation of privacy in her fingerprints and photograph, Decker was entitled to qualified immunity. We believe the District Court may have erred in finding no reasonable expectation of privacy, but agree that given the state of law on this issue, Decker was entitled to qualified immunity on this claim too.

3

**II.    Motion for Summary Judgment**

After the District Court ruled on Decker's motion to dismiss, the parties conducted discovery. Decker then sought and the District Court granted summary judgment on the remaining claims. We review a district court's grant of summary judgment *de novo*, construing all evidence and drawing all reasonable inferences in favor of the nonmoving party. *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). We will affirm only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The District Court awarded Decker summary judgment on Tucker's state law malicious prosecution claim, concluding that Decker was entitled to qualified immunity on this claim. Under Vermont law, a defendant is entitled to qualified immunity if he was "(1) acting during the course of [his] employment and acting, or reasonably believing [he was] acting, within the scope of [his] authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial, acts." *Murray v. White*, 155 Vt. 621, 627 (1991). Good faith under Vermont law may be found "where an official's acts did not violate clearly established rights of which the official reasonably should have known." *Id.* at 630. The good faith inquiry "does not ask whether plaintiff's rights were violated," but rather, whether "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right," such that the unlawfulness of his action is "apparent" when considered "[i]n the light of pre-existing law." *Id.* (citation omitted). After review of the undisputed facts here, and noting again the uncertain scope of the mandatory reporter statute, we cannot say that a reasonable officer confronted with the facts known to Decker when Tucker was charged would have known that Tucker's actions did not subject her to criminal liability. Decker is therefore entitled to qualified immunity on this claim as well.

The District Court also granted Decker's motion for summary judgment on Tucker's federal "stigma-plus" claim based, in part, on its determination that Tucker failed to demonstrate the necessary "plus" factor. To succeed on a stigma-plus claim, a plaintiff must present evidence of stigma—"the utterance of a statement sufficiently derogatory to injure [plaintiff's] reputation, that is capable of bring proved false, and that he or she claims is

4

false"—and a "plus"—a "material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (citation omitted). We agree with the District Court that Tucker has failed to show a material dispute of fact regarding the "plus" element. Tucker was not subjected to a "state-imposed burden": she admits that she voluntarily resigned from her position following her citation by Decker, and, although she has presented evidence of numerous adverse news reports, she has made no showing that she was constructively dismissed. Decker is therefore entitled to summary judgment on this claim.

Finally, the District Court granted Decker's motion for summary judgment on Tucker's state defamation and invasion of privacy claims. Regardless of whether we agree with the District Court's reasoning on these claims, we affirm because we conclude that, under state law, these claims lie exclusively against the state of Vermont. The Vermont Tort Claims Act provides that if a claim arises out of an "act or omission of an employee of the state acting within the scope of employment," then "the exclusive right of action shall lie against the state of Vermont." Vt. Stat. Ann. tit. 12, § 5602(a). Tort claims may be brought against the individual employee instead of the state only for the employee's "gross negligence or willful misconduct." *Id.* § 5602(b). Here, we think that no reasonable jury could conclude from the undisputed facts that Decker's actions amounted to willful misconduct or gross negligence. Tucker's defamation and invasion of privacy claims therefore lie exclusively against the state of Vermont and were properly dismissed by the District Court.

\* \* \*

We have considered plaintiff's remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5